IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIONA YOUNG and FAITH PATE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COMPASS GROUP USA, INC. and ) <br> MEGHAN GILMORE, ) <br> ) <br> Defendants. ) | Case No. 3:25-cv-00504 <br> Judge Aleta A. Trauger |

## MEMORANDUM

The plaintiffs have filed a Motion to Remand (Doc. No. 13) which, for the reasons set forth herein, will be denied.

**I.      FACTS AND PROCEDURAL HISTORY**

This diversity action concerns a July 2024 car accident in Williamson County, Tennessee. The operative pleading ("Complaint") is in the record at Doc. No. 1-1 at 4–8.[1] Briona Young and Faith Pate sued Compass Group USA, Inc. ("Compass") and Meghan Gilmore in the Circuit Court for Davidson County, Tennessee, seeking compensatory damages and costs. (Complaint at 4–5.) The plaintiffs allege that Gilmore, while driving in her capacity as a Compass employee, drunkenly swerved into the plaintiffs' vehicle, injuring them. (Complaint ¶¶ 5, 7–17, 35–39, 41–46.) The defendants removed the action to this court. (Doc. No. 1.) The plaintiffs have filed a combined Motion to Remand and Memorandum of Law (Doc. No. 13), to which the defendants have filed a

---

[1] The court will refer to the Complaint by its own pagination, rather than that assigned by the court's electronic filing system.

Response (Doc. No. 14), and in further support of which the plaintiffs have filed a Reply with appended exhibits. (Doc. No. 15.)

## II. LEGAL STANDARDS

Generally speaking, so long as a case filed in a state court could have originally been brought in federal court, it may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over matters between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The party seeking removal must establish that the district court has original jurisdiction over the matter. *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 409 (6th Cir. 2024). And under the "rule of unanimity," when a case is removed because the federal court has original jurisdiction, all properly joined and served defendants "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Also, a party may move to remand based on a "defect other than lack of subject matter jurisdiction" within thirty days of removal. *Id.* Courts construe removal statutes narrowly because they implicate federalism concerns, *Nessel ex rel. People of Mich. v. Enbridge Energy, LP*, 104 F.4th 958, 970 (6th Cir. 2024), and resolve all doubts in favor of remand, *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007).

## III. DISCUSSION

The defendants removed under 28 U.S.C. §§ 1332 and 1441, on the basis of complete diversity of citizenship among the parties and the requisite amount in controversy. (Doc. No. 1 at 2.) The defendants state that the plaintiffs are citizens of Alabama, that Gilmore is a citizen of

2

Colorado, and that Compass is a Delaware corporation with its principal place of business in North Carolina. (*Id.* (citing Complaint ¶¶ 1–4).) The defendants state that the amount in controversy requirement has been met. (*Id.* at 2–3.) The plaintiffs do not contest this court's jurisdiction, and the court finds that it has jurisdiction.[2]

The parties' disagreement arises in part from Tennessee automobile insurance law. Uninsured motorist insurance coverage in Tennessee is regulated by statute. *Thompson v. TRW Automotives U.S. LLC*, No. 3:15-cv-01033, 2016 WL 3632989, at *5 (M.D. Tenn. July 7, 2016) (Campbell, J.) (citing Tenn. Code Ann. §§ 56-7-1201 through -1206 ("UM statute")). Under the UM statute, insurance policies issued in Tennessee must include uninsured motorist coverage unless the insured expressly rejects it. Tenn. Code Ann. § 56-7-1201(a), (a)(2); *see Hughes v. Liberty Mut. Fire Ins. Co.*, No. E2020-00225-COA-R3-cv, 2021 WL 6141621, at *5 (Tenn. Ct. App. Dec. 30, 2021). A further provision provides procedural requirements for legal claims: "Any insured intending to rely on the coverage required by this part [the UM statute] shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though

---

[2] For present purposes, the court puts to the side two issues related to diversity jurisdiction that may become relevant. First, the defendants' Notice of Removal states that the plaintiffs "were both citizens of Alabama at the time the lawsuit was filed." (Doc. No. 1 at 2 (citing Complaint ¶¶ 1, 2).) In fact, however, the Complaint alleges that the plaintiffs are "resident[s]" of Alabama. (Complaint ¶¶ 1, 2.) And "citizenship, for purposes of the diversity statute, 'means domicile rather than residence.'" *Kendall v. DeLong*, No. 20-5573, 2020 WL 9813548, at *2 (6th Cir. Dec. 1, 2020) (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973)); *accord Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) ("[I]t has long been settled that residence and citizenship [are] wholly different things." (quoting *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905) (second alteration in *Larson*)). Second, if the insurance companies, though they were not real parties in interest at the case's origination, have become real parties in interest through their actions in this case, the court will need to be assured that their presence has not destroyed diversity, "and with it[,] federal jurisdiction." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

3

the insurance company were a party defendant."³ Tenn. Code Ann. § 56-7-1206(a); *see also Thompson*, 2016 WL 3632989, at *5. And, "absent a specific policy provision authorizing a direct action, the [UM Statute] does not permit a plaintiff to bring suit directly against an uninsured motorist carrier." *To v. State Farm Mut. Auto. Ins. Co.*, No. 2:22-cv-02021-JTF-TMP, 2022 WL 12029611, at *6 (W.D. Tenn. Oct. 20, 2022) (quoting *Griffin v. Shelter Mut. Ins. Co.*, 18 S.W.3d 195, 198 (Tenn. 2000) (alteration in *To*)). Nor may "evidence of service upon the insurance carrier . . . be made a part of the record." Tenn. Code Ann. § 56-7-1206(a).

The UM statute's purpose is "to provide an efficient procedure to allow persons to obtain complete relief from their uninsured motorist policy when injured by an uninsured motorist who is financially unable to respond in damages." *Griffin*, 18 S.W.3d at 198 (citations omitted); *see also id.* ("The whole intent and purpose of the uninsured motorist act is, in essence, to provide *protection* by making the insurance carrier stand as the insurer of the uninsured motorist." (quoting *Glover v. Tenn. Farmers Mut. Ins. Co.,* 468 S.W.2d 727, 730 (Tenn. 1971)) (emphasis in *Griffin*)). And "[t]he policy requirement of notice is to give the insurer the opportunity to participate in the investigation and litigation so as to keep its exposure to a minimum." *Gatlin v. Tenn. Farmers Mut. Ins. Co.*, 741 S.W.2d 324, 326 (Tenn. 1987).

Before the defendants removed this action, the plaintiffs served State Farm Automobile Insurance Company ("State Farm") and Allstate Property and Casualty Insurance Company

---

³ Tennessee Code Annotated § 56-7-1206(a) also provides that:

The company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, that nothing in this subsection (a) shall prevent the owner or operator from employing counsel of the owner's own choice . . . .

4

("Allstate") pursuant to the UM statute.[4] (*See* Doc. No. 13 at 1.) While the plaintiffs state that they "filed suit against Defendants Compass, Meghan Gilmore, State Farm, and Allstate" (Doc. No. 13 at 2), the Complaint does not name the insurance companies or state that either of the defendants is uninsured or underinsured.

Under the rule of unanimity, when a case is removed because the federal court has original jurisdiction, as here, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). One exception to the rule of unanimity is when a defendant "is merely a nominal or formal party."[5] *Beasley v. Wells Fargo Bank, N.A.*, 744 F. App'x 906, 914 (6th Cir. 2018) (quoting *Klein*, 1994 WL 91786, at *3 n.8).

The two named defendants jointly removed the action. (Doc. No. 1 at 1.) The plaintiffs argue, however, that, because neither State Farm nor Allstate—who they say are properly joined and served defendants—consented to removal, the removing defendants violated the rule of unanimity, and the action should be remanded. (Doc. No. 13 at 1.) In response, the defendants argue that State Farm and Allstate are nominal defendants and that their consent was not required for the moving defendants to have complied with the rule of unanimity. (Doc. No. 14 at 1.)

The question before the court is, therefore, whether service of process upon uninsured motorist carriers under Tenn. Code Ann. § 56-7-1206(a) alone makes them properly joined and

---

[4] Technically, in accordance with Tennessee law, the plaintiffs served the Tennessee Department of Commerce and Insurance, which forwarded the complaint to the insurance companies. (Doc. No. 1-1 at 11–16; *see also* Doc. No. 13 at 2; *cf. Old Country Store, Inc. v. Auto-Owner Ins. Co.*, No. 1:21-cv-1128-STA-JAY, 2022 WL 885170, at *1 (W.D. Tenn. Mar. 24, 2022) (summarizing Tennessee procedure for service of process on insurance companies under Tennessee Code Annotated § 56-2-501 *et seq.*).)

[5] The Sixth Circuit has in fact expressly recognized two other exceptions to the rule of unanimity. *Accord McKnight-Cross v. Debbie Yancey, Hoosier Transit, Inc.*, No. 3:24-cv-00872, 2024 WL 4229280, at *3 (M.D. Tenn. Sept. 18, 2024) (quoting *Klein v. Manor Healthcare Corp.*, 19 F.3d 1433 (Table), 1994 WL 91786, at *3 n.8 (6th Cir. 1994) (per curiam)). No party argues that either of these other exceptions applies to this case.

5

served defendants, rather than nominal parties, under 28 U.S.C. § 1446(b)(2)(A), such that their lack of consent to removal requires remand.[6]

The plaintiffs state that, "[u]nder Section 56-7-1206(a) . . . , uninsured motorist carriers are made defendants to the action when they are served with process." (Doc. No. 13 at 3 (citing *Griffin*, 18 S.W.3d at 198).) However, *Griffin* does not stand for this proposition, except to the extent that it quotes the UM statute, which says that an uninsured motorist carrier must be served "as though such insurance company were a party defendant." *Griffin*, 18 S.W.3d at 198 (quoting Tenn. Code Ann. § 56-7-1206(a)). Second, even if uninsured motorist carriers become defendants to the action, that does not address the defendants' argument that they are nominal parties, not real parties in

---

[6] Under Tennessee law, "[e]very automobile liability insurance policy delivered, issued for delivery or renewed *in this state*, covering liability arising out of the ownership, maintenance, or use of any motor vehicle designed for use primarily on public roads *and registered or principally garaged in this state*, shall include uninsured motorist coverage." Tenn. Code Ann. § 56-7-1201(a) (emphasis added). The plaintiffs do not allege in what state their insurance policies were delivered, issued, or renewed, or where the car at issue was registered or principally garaged. But because the plaintiffs are Alabama residents (Doc. No. 1-1 ¶¶ 1–2), the Tennessee UM statute may not even apply to this case. *See Williams v. Irby*, No. 13-2481-STA-CGC, 2014 WL 859228, at *5 (W.D. Tenn. Mar. 5, 2014) ("[T]he Tennessee Court of Appeals has held that the requirements of Tenn. Code Ann. § 56-7-1206(a) apply only to policies delivered, issued for delivery, or renewed in Tennessee." (citing *Nelson v. Nelson,* 409 S.W.3d 629, 632 (Tenn. Ct. App. 2013))).

However, the court will not determine at this stage whether the Tennessee UM statute applies. First, the parties have not briefed the issue. *Accord In Re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, --- F.4th ---, No. 24-1137, 2025 WL 1904525, at *4 (6th Cir. July 10, 2025) (noting that courts violate the principle of party presentation when they "decide issues that the parties never presented" (citations omitted)). Second, the record is insufficient. Third, even if not required to do so by Tennessee law, the plaintiffs served Allstate and State Farm, and all parties have proceeded as though they are at least nominal parties, by virtue of service. Fourth, the court would reach the same conclusion on the Motion to Remand irrespective of whether the Tennessee UM statute applies.

6

interest whose consent is necessary for removal.[7] The plaintiffs' argument on this point is conclusory and unsupported.

There are few cases addressing the issue of whether uninsured motorist carriers served pursuant to Tennessee's UM statute are real parties in interest for purposes of consent to removal. This court agrees with our sister court that the analysis of whether an uninsured motorist carrier's citizenship should be considered for purposes of diversity, which slightly more cases have discussed, "is equally applicable in determining whether an uninsured motorist insurance carrier should be treated as either a real or nominal party for purposes of the rule of unanimity." *Pettis v. City of Memphis*, No. 09-2248-STA, 2010 WL 447022, at *9 (W.D. Tenn. Feb. 1, 2010) (citing *Johnson v. Hill Bros. Transp.*, 262 F. Supp. 2d 889, 892 (E.D. Tenn. 2003)).

"[T]he general rule [is to] ignor[e] insurance carriers when determining diversity jurisdiction." *Johnson*, 262 F. Supp. 2d at 892. This has not always been the rule in federal courts in Tennessee. *See Hillis v. Garner*, 685 F.Supp. 1038, 1040 (E.D. Tenn. 1988) (finding that the court must consider the citizenship of an uninsured motorist carrier served under Tenn. Code Ann. § 56-7-1206 for purposes of diversity). And, as the Eastern District of Tennessee recognized, "the definition of a real party in interest breaks down in the area of insurance law because of courts' historic treatment of insurance companies in tort litigation." *Collins v. Hamby*, 803 F. Supp. 1302, 1305 (E.D. Tenn. 1992) (citing *Broyles v. Bayless*, 878 F.2d 1400, 1404 (11th Cir. 1989)).

In what one court has called "the landmark case addressing this issue," *Summerlin v. Nelson*, No. 3:17-cv-36-CDL-WC, 2017 WL 2177361, at *4 (M.D. Ala. Apr. 21, 2017), *R. & R.*

---

[7] In their Reply brief, the plaintiffs expand their original statement to say that, "[u]nder Tenn. Code Ann. § 56-7-1206(a), an uninsured motorist . . . carrier becomes a party to the litigation when it is served with process *just like any other party defendant*." (Doc. No. 15 at 1–2 (citing *Griffin*, 18 S.W.3d at 198) (emphasis added).) This expanded statement also finds no support in *Griffin*.

7

*adopted*, No. 3:17-cv-36-CDL-WC, 2017 WL 2177337 (M.D. Ala. May 17, 2017), the Eleventh Circuit declined to follow *Hillis* when it considered the same question in a case in which a Tennessee driver served his automobile insurance company under Tennessee's UM statute. *Broyles*, 878 F.2d at 1402–03. Since then, both the Eastern and Western Districts of Tennessee have followed *Broyles*. *See Collins*, 803 F. Supp. at 1304–05 (agreeing with *Broyles*, declining to follow *Hillis*, and not considering the uninsured motorist carrier's citizenship); *Johnson*, 262 F. Supp. 2d at 891–92 (agreeing with *Broyles* and *Collins*, and declining to follow *Hillis*); *Pettis*, 2010 WL 447022, at *4 (adopting the Magistrate Judge's Report and Recommendation, which applied *Broyles*, *Collins*, and *Johnson*). This court will follow suit. Thus, the court finds that Allstate and State Farm are not real parties in interest merely because they were served pursuant to Tennessee's UM statute.

However, as the court noted in *Broyles*, and as adopted in the Eastern and Western Districts of Tennessee, there are exceptions to the general rule that uninsured motorist carriers are nominal parties: "(1) when [the insurance carrier has] become subrogated to the rights of their insured after payment of the loss; (2) when [the insurance carrier is] defending direct actions brought against them; and (3) when, for some reason, [the insurance carrier] must assume primary and visible control of the litigation." *Johnson*, 262 F. Supp. 2d at 892 (quoting *Collins*, 803 F. Supp. at 1305; and citing *Broyles*, 878 F.2d at 1404) (alterations in *Johnson*). These exceptions also apply to considerations, as here, of consent to removal. *Pettis*, 2010 WL 447022, at *8–9.

The defendants argue that none of these exceptions applies because "Allstate and State Farm have not taken any action in this litigation." (Doc. No. 14 at 3.) But this is belied by the record. In response, the plaintiffs implicitly invoke one or more of the above exceptions. The plaintiffs argue that the uninsured motorist carriers are not nominal parties in this case because

they are "active litigants . . . as evidenced by their litigation conduct and invocation of subrogation rights." (Doc. No. 15 at 1.) For example, the plaintiffs state that Allstate and State Farm have filed Answers asserting affirmative defenses and claiming subrogation rights. (Doc. No. 15 at 2 (first citing Doc. No. 10 (State Farm's Answer); and then citing Exhibit 1, Doc. No. 15 at 6–14 (Allstate's Answer).) And, the plaintiffs point out, State Farm served written discovery. (*Id.* (citing Exhibit 2, Doc. No. 15 at 15–50 (State Farm's First Set of Interrogatories and Requests for Production of Documents to Plaintiff Briona Young)).)

Nevertheless, this argument is unpersuasive. The actions the plaintiffs describe Allstate and State Farm taking, which they say have made the insurance companies real parties in interest, even if they were merely nominal parties before, occurred after removal. (*Contrast* Doc. No. 1 (Notice of Removal filed May 2, 2025), *with* Doc. No. 10 (State Farm's Answer filed in this court on May 21, 2025), *and* Exhibit 1, Doc. No. 15 at 6–14 (Allstate's Answer filed in state court on May 12, 2025), *and* Exhibit 2, Doc. No. 15 at 15–50 (State Farm's written discovery requests dated May 22, 2025)).

Thus, even if the unnamed defendant insurance companies have become real parties in interest by dint of their participation in this case, they did not become real parties until after the Notice of Removal was filed, and therefore their consent to removal was unnecessary. *Cf. Davis v. Kelly*, No. cv 424-115, 2024 WL 3744362, at *3–4 (S.D. Ga. Aug. 9, 2024) (finding that, because the uninsured motorist carrier did not elect to file an answer until after the notice of removal was filed, it "was not a defendant in this action at the time of removal, [so] its consent to removal was not required").

9

Case 3:25-cv-00504   Document 18   Filed 07/24/25   Page 9 of 10 PageID #: 135

Last, the plaintiffs request attorney's fees and the costs incurred in preparing the Motion for Remand, stating that the removal "lacked an objectively reasonable basis." (Doc. No. 15 at 3.) The plaintiffs' request will be denied, the court having ruled in the defendants' favor.

## IV. CONCLUSION

Because Allstate and State Farm were nominal parties when the Notice of Removal was filed, their consent to removal was not required. Accordingly, removal was procedurally proper, and the Motion to Remand will be denied.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge